FILED
2007 Mar-23 AM 10:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JIMMIE BOZEMAN, ) | |
| ) | |
| Plaintiff, ) | 2:07CV358-MHT |
| ) | |
| v. ) | Case No. 2:06-cv-00437-PWG |
| ) | |
| CHIEF McKANE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Jimmie Bozeman, plaintiff, has filed a *pro se* complaint in this court pursuant to 42 U.S.C. § 1983. He is an Alabama prison inmate incarcerated at the Bullock Correctional Facility in Union Springs, Alabama, which is located in the Middle District of Alabama. The plaintiff names employees of the Bullock Correctional Facility as defendants and he asserts claims dealing with events occurring at that facility.

It therefore appears that venue is not proper in the Northern District of Alabama. A civil rights action may be brought only in the judicial district (1) where at least one of the defendants resides or (2) where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973); *Daugherty v. Procunier*, 456 F.2d 97 (9th Cir. 1972). There does not appear to be a defendant who resides in the Northern District of Alabama, and the actions of which the plaintiff complains appear to have occurred in the Middle District of Alabama. Accordingly, in the interest of justice, this action is due to be transferred to the United States District Court for Middle District of Alabama, pursuant to 28 U.S.C. § 1404(a).

**For the foregoing reasons, the magistrate judge recommends that this action be transferred to the United States District Court for the Middle District of Alabama.**

Any party may file specific written objections to this report within fifteen (15) days of the date it is filed. Failure to file written objections to the proposed findings and recommendations contained in this report within fifteen (15) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

As to the foregoing it is SO ORDERED this the 23rd day of March, 2007.

_____
PAUL W. GREENE
CHIEF MAGISTRATE JUDGE